```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHANIE VELOZ,                   :
         Plaintiff,                :
     v.                            :   Case No. 3:06-cv-258-KRG-KAP
NORFOLK SOUTHERN RAILWAY CO.,      :
         Defendant                 :
```

Report and Recommendation

Recommendation

Pending is defendant Norfolk Southern Railway Company's motion to dismiss, docket no. 5. I recommend that it be granted and the complaint dismissed.

Report

Plaintiff Stephanie Veloz was employed by defendant Norfolk Southern Railway Company or its corporate predecessor from 1993 until August 2003. While working, Veloz suffered injuries (presumably to her back) serious enough to require surgery in 2001 and 2002, and which made heavy lifting injurious to her health. She filed the complaint in this matter on December 4, 2006, alleging that Norfolk Southern violated the Federal Employers Liability Act (FELA), 45 U.S.C.§ 1 et seq., because despite her requests for accommodation of her inability to lift heavy objects Norfolk Southern did not accommodate her.

Norfolk Southern asserts the FELA's statute of limitations as a defense. See 45 U.S.C.§ 56 ("No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.") In the obvious case of an immediately recognizable trauma caused by a single act of the

defendant, the cause of action accrues when the defendant acts. For injuries which do not manifest themselves immediately, a claim accrues when plaintiff is aware she is injured and is aware that defendant's conduct caused her injury. Matter of Central R. Co. of New Jersey, 950 F.2d 887, 891 (3d Cir.1991), cert. denied, 503 U.S. 971 (1992), citing Kichline v. Conrail, 800 F.2d 356, 358 (3d Cir.1986). Although the typical example of a claim based on a injury which has a delayed manifestation is an occupational disease claim, see e.g. Schweitzer v. Conrail, 758 F.2d 936 (3d Cir.)(discussing when asbestos exposure claims accrue), cert. denied, 474 U.S. 864 (1985), injuries caused by the cumulative effect of repetitive lifting would similarly accrue when the injury manifested itself. In Kichline, for example, a Conrail employee alleged his lung ailments were caused by workplace exposure to heavy concentrations of diesel fumes. Kichline had filed suit in August 1983, only nine months after leaving work, and sought to recover for injuries alleged caused by fumes since at least 1975. The Court of Appeals held that Kichline could recover for any aggravation to his lung ailments caused by exposure to diesel fumes within three years of filing his complaint, but not for injuries caused by earlier exposures because, under the facts of that case, Kichline had been aware since 1978 or 1979 that his exposure was causing him harm. 880 F.2d at 361. The Court of Appeals expressly distinguished Fowkes v. Pennsylvania R.R. Co., 264 F.2d 397 (3d

2

Cir.1949), in which the plaintiff recovered for his arthritis due to the repeated trauma caused by use of an air hammer. The Kichline court observed, 880 F.2d at 359-60, that in Fowkes the statute of limitations did not begin to run until Fowkes' last day of work because there was a jury finding that Fowkes was not aware of his injury until a point within the limitations period[1].

Veloz does not assert that she discovered her injury within the limitations period, and such a claim is contradicted by the facts alleged in her complaint. Veloz knew repetitive heavy lifting was injurious while she was on the job, because she requested an accommodation to reduce it. Whether Veloz' theory is that the lifting itself caused her injury or that Norfolk Southern's violation of the FELA was its failure to provide a workplace accommodation for her, Veloz necessarily was injured by and was aware of that wrongful act while on the job. Under Kichline, the limitations period began to run no later than her last day at work.

Because Veloz' claim accrued no later than her last day of employment, alleged to be in August 2003, the complaint was

---

1. The effect of Kichline is to limit plaintiff's remedy to recovery for any aggravation of an injury caused within three years of suit. Other Courts of Appeal would hold that a plaintiff's entire FELA claim is barred by the plaintiff's discovery of injury beyond the three year limitations period. See e.g Fries v. Chicago & Northwestern Transportation Co., 909 F.2d 1092 (7th Cir.1990); Campbell v. Grand Trunk Western Railroad Co., 238 F.3d 772 (6th Cir.2001).

filed approximately three months after the limitations period expired. The motion to dismiss should be granted.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections (in plaintiff's case, this would include any evidence that the statute of limitations did not begin to run in August 2003 or was tolled for enough time to bring her complaint within the limitations period) to this Report and Recommendation.

DATE: June 8, 2007

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF